**TABACALERA SEVERIANO JORGE, S. A., and Severiano Jorge, Appellants,**

v.

**STANDARD CIGAR COMPANY, Appellee.**

**No. 24784.**

United States Court of Appeals Fifth Circuit.

March 18, 1968.

Phil Newcomm, Shutts & Bowen, Miami, Fla., for appellants.

William A. Gillen, Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for appellee.

Before TUTTLE and WISDOM, Circuit Judges, and HEEBE, District Judge.

TUTTLE, Circuit Judge:

This is a companion case to Tabacalera Severiano Jorge, S. A. v. Standard Cigar Company, 392 F.2d 706, which has been decided this day.

Following the summary judgment rendered by the district court for the defendant, Standard Cigar Company, in the other case, and the appeal taken therefrom to this court, the individual plaintiff, Severiano Jorge, filed his petition for relief from final judgment in the District Court for the Middle District of Florida, on February 14, 1967. In his petition he alleged that since the taking of the aforesaid appeal, certain events had transpired which formed the basis, under Rule 60(b), Federal Rules of Civil Procedure, for setting aside the judgment. These events, he alleged, were that on January 27, 1967, Jorge had been naturalized as an American citizen by an order of the United States District Court in and for the Southern District of Florida. It was alleged that in the prior decision in the case on appeal, the trial court had held in effect that since Severiano Jorge was a Cuban national, Title 22 U.S.C.A. § 2370(e) (2), the so-called Hickenlooper amendment, was not applicable and relief could not be afforded him on that basis.

By this petition, the individual appellant Jorge contends that Rule 60(b) permits the setting aside of the judgment by reason of this change in his citizenship.

By reason of the decision and judgment of this court in the companion case, this appeal becomes moot. Under the decision of this court Jorge is granted the relief which he sought in the trial court in the main action, without reference to his American citizenship. Thus, of course, any petition seeking the setting aside of that judgment is now unnecessary since this court has now set it aside as erroneous.

This appeal is dismissed for mootness.